UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

GERRINE HILL,

            Plaintiff,

    v.

FOREST RIVER, INC.,

            Defendant.

No. CV 05-1768-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Plaintiff, Gerrine Hill, alleges that Defendant, Forest River, Inc. ("Forest River"), discriminated against him because of his race (African-American) and then retaliated against and wrongfully terminated him because of his race and his complaints of racial slurs.

    On January 16, 2006, pursuant to FRCP 12(b)(6), Forest River filed a Motion to Dismiss (#4) Mr. Hill's fourth and fifth claims for relief, wrongful discharge and reckless infliction of emotional distress ("RIED"). Forest River argues that Mr. Hill's claims for relief should be dismissed because: 1) Mr. Hill has an adequate statutory remedy under 42 U.S.C. § 1981 and therefore the wrongful discharge claim is precluded; and 2) there is no cognizable claim for RIED under Oregon law.

    This court finds that Mr. Hill's wrongful discharge claim is precluded and that RIED is not a recognized claim for relief in Oregon and therefore, Forest River's Motion to Dismiss Mr. Hill's fourth and fifth claims for relief is GRANTED.

PAGE 1 - OPINION AND ORDER

I.      Background

In July 2004, Forest River hired Mr. Hill to work at its Dallas, Oregon facility. Mr. Hill worked for Forest River in the welding department until he was terminated on October 14, 2004.

Mr. Hill makes the following allegations in his complaint: Caucasian co-workers shouted "white power" in front of him and his supervisor took no action; Forest River did not provide him incentive pay while other similarly situated Caucasian employees earned incentive pay; in August 2004 he was transferred to a position that did not include an opportunity for incentive pay while a Caucasian employee was placed into Mr. Hill's former position and was entitled to incentive pay; in October 2004, Mr. Hill was involved in an altercation with a Caucasian co-worker wherein the co-worker called Mr. Hill a racially derogatory name. Soon after Mr. Hill reported this incident to his supervisor, Mr. Hill was laid off allegedly due to a work slowdown. Mr. Hill claims that a co-worker informed him that he was in fact terminated due to the altercation.

Mr. Hill filed his complaint on November 22, 2005, alleging the following six claims for relief: 1) Violation of 42 U.S.C. § 1981, 2) Violation of Title VII Discrimination & Retaliation 42 U.S.C. § 2000e, 3) State Statutory Discrimination & Retaliation, ORS 659A.030(1)(a), (b), (f), 4) Wrongful Discharge, 5) Reckless Infliction of Emotional Distress, and 6) Intentional Infliction of Emotional Distress.

II.     Discussion

In ruling on a motion to dismiss for failure to state a claim, "the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). "[T]he

Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Rather, a complaint need only provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.*  Accordingly, "[a] motion to dismiss for failure to state a claim may not be granted unless it appears beyond doubt that the [nonmovant] can prove no set of facts in support of his claim which would entitle him to relief." *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 984 (9th Cir. 2000) (internal quotation and citation omitted).  "Nonetheless, conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

  A. Mr. Hill's Fourth Claim for Relief - Wrongful Discharge

Forest River argues Mr. Hill's wrongful discharge claim should be dismissed because Mr. Hill has an adequate statutory remedy under 42 U.S.C. § 1981 that bars the interstitial claim of wrongful discharge.

The Oregon Supreme Court first recognized the tort of wrongful discharge as an exception to the at-will employment rule in *Nees v. Hocks*, 536 P.2d 512 (Or. 1975).  Oregon law permits a common law claim when wrongful discharge of an employee frustrates an important public interest and no statutory remedy exists. *Delaney v. Taco Time Int'l, Inc.*, 681 P.2d 114, 117-18 (Or. 1984).  "[W]rongful discharge is an interstitial tort, designed to fill a gap where a discharge in violation of public policy would otherwise not be adequately remedied." *Dunwoody v. Handskill Corp.*, 60 P.3d 1135, 1140 (Or. Ct. App. 2003).  As such, wrongful discharge is not an available claim for relief in Oregon if an existing remedy adequately protects the public

interest in question. *Draper v. Astoria Sch. Dist. No. 1C*, 995 F. Supp. 1122, 1130-1131 (D. Or. 1998), *overruled on other grounds by Rabkin v. Or. Health Sciences Univ.*, 350 F.3d 967 (9th Cir. 2003); *Dunwoody,* 60 P.3d at 1140.  The existing remedy need not be the best possible or identical remedy, rather it must merely be sufficient to adequately protect the employment related right.  *Carlson v. Crater Lake Lumber Co.*, 796 P.2d 1216, 1219 (Or. Ct. App. 1990); *Paugh v. King Henry's Inc.*, 2005 WL 1565112, *6 (D. Or. June 30, 2005) (unpublished).

      Mr. Hill does not argue that the statutory remedies provided under § 1981 are somehow "inadequate."  The available remedies under the common law wrongful dismissal claim are similar to the statutory remedies available under § 1981.  Claims under § 1981 allow for a jury trial, and a plaintiff who establishes employment discrimination is entitled to both equitable and legal relief, including compensatory and punitive damages.  *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 460 (1975).  Similarly, common law wrongful discharge provides for legal as well as equitable relief including damages "for such personal injuries as anguish, physical symptoms of stress, a sense of degradation, and the costs of psychiatric care."  *Holien v. Sears, Roebuck and Co.*, 689 P.2d 1292, 1303-04 (Or. 1984).

      Mr. Hill argues that Forest River's Motion to Dismiss is premature pending the results of further investigation that may preclude any statutory claims under § 1981 and therefore may require the interstitial tort of wrongful discharge to "fill the gap."  It is clear from the Complaint that Mr. Hill's argument in support of his § 1981 claims are identical to his theory under wrongful discharge; namely, that he was terminated because of his race and retaliated against because he complained of derogatory racial comments.

PAGE 4 - OPINION AND ORDER

This court adopts the logic found in *Lawrence v. Louis and Co.*, 2006 WL 278194 (D. Or. Feb. 1, 2006), that when the same operative facts form the basis of all of plaintiff's claims, and it is conceded that § 1981 provides an adequate remedy, then a wrongful discharge claim is not permitted. The facts in *Lawrence* are nearly identical to the present case. Plaintiff filed suit alleging race discrimination under § 1981 and wrongful discharge under state common law. *Id.* at *1. Defendant moved for dismissal of the wrongful discharge claim on grounds that an adequate statutory remedy exists. *Id.* Plaintiff argued that his wrongful discharge claim should be dismissed only if the same facts support a right to recovery under § 1981. *Id.* The court found the same operative facts formed the basis of all of plaintiff's claims and granted defendant's motion to dismiss plaintiff's wrongful discharge claim. *Id.*

This court agrees with Forest River and finds that under the statutory scheme of § 1981, Mr. Hill has the same panoply of remedies available when compared to the interstitial claim of wrongful discharge. Therefore, because the same operative facts form the basis of both Mr. Hill's wrongful discharge claim and § 1981 claim, and because Mr. Hill has an adequate remedy under § 1981, his wrongful discharge claim is barred.

B.     Mr. Hill's Fifth Claim for Relief - Reckless Infliction of Emotional Distress

Mr. Hill alleges in his fifth claim for relief under the Reckless Infliction of Emotional Distress ("RIED") theory of recovery that Forest River and its employees recklessly engaged in racially motivated actions causing Mr. Hill severe emotional distress. (Pl.'s Compl. ¶¶ 46-49). Forest River argues that Oregon does not recognize a RIED claim for relief, rather, the elements of intentional infliction of emotional distress ("IIED") subsume the RIED claim. The question raised by Forest River's Motion to Dismiss is whether Oregon recognizes a claim for relief for

PAGE 5 - OPINION AND ORDER

RIED separate and apart from the IIED claim for relief, which is Mr. Hill's sixth claim for relief.

Mr. Hill acknowledges that the language of an IIED claim includes both intent and recklessness, but argues that Oregon recognizes separate claims for relief. The seminal case is *McGanty v. Staudenraus*, 901 P.2d 841, 849-51 (Or. 1995), in which the Oregon Supreme Court described the long history of the Oregon courts misconstruing the tort of IIED, and specifically the element of intent. *McGanty* explained that the intent element mirrors the Restatement definition: as stated in Comment i of the Restatement (Second) of Torts §46 (1965), intent is satisfied "where the actor desires to inflict severe emotional distress, and also where he knows that such distress is certain, or substantially certain, to result from his conduct." *Id.* at 853 (emphasis omitted). This definition eliminates any need to separately allege recklessness, as recklessness is contained within the definition of IIED. Under *McGanty,* RIED is subsumed in IIED and "there is no cognizable claim for the reckless infliction of emotional distress under the laws of the State of Oregon." *Snead v. Metro. Prop. and Cas. Ins. Co.*, 909 F. Supp. 775, 779 (D. Or. 1996). Other recent cases have similarly held there is no claim of relief in Oregon known as RIED. *Logan v. West Coast Benson Hotel*, 981 F. Supp. 1301, 1320 n.15 (D. Or. 1997), citing *Snead*, 909 F. Supp at 779; *Ovchinikov v. Oak Valley Auto Sales & Leasing, Inc.*, 2004 WL 2889771, at *8 (D. Or. December 13, 2004) (unpublished); *Galenbeck v. Newman & Newman, Inc.*, 2004 WL 1088289, at *8 (D. Or. May 14, 2004) (unpublished).

*McGanty* and its progeny have clarified the broad reach of the intent element of IIED in Oregon to include recklessness and therefore have eliminated the separate claim for relief of RIED. As such, Forest River's Motion to Dismiss Mr. Hill's fifth claim for relief should be granted, without leave to replead.

PAGE 6 - OPINION AND ORDER

III.    Conclusion

Defendant Forest River's Motion to Dismiss (#4) plaintiff Gerrine Hill's fourth and fifth claims for relief of wrongful dismissal and reckless infliction of emotional distress is GRANTED.

DATED this   29th   day of March, 2006.

        /s/ Michael W. Mosman
        MICHAEL W. MOSMAN
        United States District Court

PAGE 7 - OPINION AND ORDER