UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

GERRINE HILL,

                Plaintiff,

v.

FOREST RIVER, INC.,

                Defendant.

No. CV05-1768-MO

OPINION AND ORDER

**MOSMAN, J.,**

      Currently before the court are plaintiff's motions (#34 and #40) for attorney's fees and costs stemming from an employment discrimination case. Plaintiff Gerrine Hill alleged six claims for relief, totaling close to $1 million, against defendant Forest River, Inc. The court dismissed two claims, after which the parties agreed to a Rule 68 Offer of Judgment resolving the remaining claims. The court entered judgment in favor of Mr. Hill, consistent with the offer of judgment.

      Mr. Hill seeks attorney's fees in the amount of $19,625, based on a lodestar calculation. Pl.'s Br. at 1. Mr. Hill provides billing records and explanations of each party's credentials and experience to support the hours and rates. *Id.* at 5-8, Appendix A. The hours expended are attributed to many tasks, including co-filing a complaint with EEOC, drafting an administrative complaint, defending a motion to dismiss, and litigating the offer of judgment. Pl.'s Br. at 5. Additionally, Mr. Hill requests $489.29 in costs. Forest River asserts two arguments against awarding any costs and attorney's fees. First, Mr. Hill's nominal recovery does not entitle him to

PAGE 1 - OPINION AND ORDER

costs and fees. Second, Mr. Hill's attorneys acted inequitably by failing to inquire about whether fees and costs were included in the offer of judgment. Def.'s Br. at 6-8. Forest Hill views this silence as unfairly taking advantage of a mistake. *Id.* at 9. In the alternative, Forest Hill requests a nominal award, consistent with the nominal judgment amount.

## FACTS

During the discovery period in this case, Mr. Hill's attorney, Larry Linder, contacted defense counsel Matthew Denley to raise the issue of settlement without further litigation. On or about March 3, 2006, Mr. Linder communicated a nominal settlement offer of $20,000.00 to resolve all issues and claims against defendants.

On March 9, 2006, Mr. Denley responded and told Mr. Linder via e-mail that plaintiff's opening offer was rejected, but that a counteroffer would likely be forthcoming. Def.'s Mem. Supp. Mot. to Reform Offer of Judg., Ex. 2. This e-mail stated: "Your offer of $20,000.00 for a complete settlement is rejected." *Id.* On March 16, 2006, Mr. Denley contacted Mr. Linder by telephone and conveyed a non-negotiable and final offer of $5,000.00 for a complete and total settlement of all claims. Denley Aff. at ¶ 5. At no point in the telephone conversation did the attorneys discuss the possibility that this complete and total settlement offer did not include fees and costs. *Id.*

On March 21, 2006, defense counsel Mr. Denley transmitted a written Offer of Judgment stating: "Defendant offers to allow judgment to be taken against it in the amount of five thousand dollars ($5,000.00). Def.'s Mem. Supp. Mot. to Reform Offer of Judg., Ex. 3. The written offer of judgment did not expressly state it was inclusive of costs and attorneys fees.

On March 23, 2006, plaintiff's counsel Mr. Linder informed Mr. Denley the offer was

PAGE 2 - OPINION AND ORDER

being considered by Mr. Linder's client, Mr. Hill, and would be notifying Mr. Denley as to whether Mr. Hill wished to accept or reject the offer. During this telephone conversation, Mr. Linder did not suggest or express his belief that the oral and written offers made by defense counsel were somehow different or distinct. The issue of fees and costs was not raised by Mr. Linder during the telephone conversation.

On March 29, 2006, plaintiff accepted defendant's final offer of $5,000.00 by returning the signed Offer of Judgment. The parties filed the Offer of Judgment with the court on March 30, 2006. On April 6, 2006, the court requested clarification from the parties as to whether the judgment should include language stating "without fees and costs" and with prejudice. Due to a disagreement between the attorneys as to the meaning of the signed judgment, defendant filed a Motion (#20) to Reform or in the Alternative to Rescind the Offer of Judgment. During a May 9, 2006, evidentiary hearing, the court heard argument to address the dispute.

At this hearing, I determined the Offer of Judgment was not ambiguous and extrinsic evidence would not be used to reform the judgment. Accordingly, I entered judgment in favor of plaintiff, despite the unfairness clouding the settlement transaction. Namely, based on the representations from counsel, I found defense counsel Mr. Denley clearly had not intended to make two different offers: a $5,000.00 complete offer of settlement and a separate offer of $5,000.00 plus costs and attorney fees. Instead, Mr. Denley intended the Offer of Judgment to be inclusive of fees and costs. Furthermore, I found Mr. Linder knew that defendant's offer mistakenly omitted the term "inclusive of costs and fees."

**DISCUSSION**

I.   LEGAL STANDARD

The district court has discretion to award reasonable attorney's fees to the prevailing party in 42 U.S.C. § 1981 or Title VII Discrimination 42 U.S.C. § 2000e civil rights cases. 42 U.S.C. § 1988. A party prevails when a resolution "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). A prevailing plaintiff "'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Thomas v. City of Tacoma,* 410 F.3d 644, 647 (9th Cir. 2005) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983)). Two factors are considered to determine whether "special circumstances" justify a denial of fees: "(1) whether awarding attorney fees would further the purposes of § 1988 and (2) whether the balance of the equities favors or disfavors the denial of fees." *Id.* at 648 (internal quotations and citations omitted).

A second exception to awarding fees applies when a civil rights plaintiff prevails, but receives nominal or *de minimis* relief, constituting only a technical success. *Farrar*, 506 U.S. at 117 (1992) (O'Connor, J., concurring) (where Farrar sought $17 million in damages, but was only awarded $1, the Court denied fees as unreasonable). A technical victory is not always enough to justify an award of attorney's fees. *Id.* When a plaintiff fails to prove an essential element of his claim and receives nominal damages, it is unreasonable to award fees. *Id.*; *see also Romberg v. Nichols,* 48 F.3d 453 (9th Cir. 1995) (no fees awarded where plaintiffs sought $2 million in damages, were awarded $1, and did not achieve any nonmonetary success). In cases involving nominal or *de minimIs* damage awards, the court may deny fees without calculating a lodestar

amount.  *Morales v. City of San Rafael*, 96 F.3d 359, 362 (9th Cir. 1996).

A related analysis employed in other circuits recognizes nuisance cases as undeserving of attorney's fees.  In the Seventh Circuit, a Rule 68 offer of judgment does not establish prevailing party status or automatically entitle plaintiffs to attorney's fees.  *Fletcher v. City of Fort Wayne*, 162 F.3d 975, 977 (7th Cir. 1998).  Furthermore, an offer of judgment constituting a small percentage of the initial amount sought only reflects the suit's nuisance value and does not warrant attorney's fees.  *Id.* at 978 (denying fees to plaintiffs who settled for 3% and 8% of the amounts sought).  Similarly, in a case where plaintiffs sought $550,000, the Eighth Circuit found a settlement of $17,500 did not justify attorney's fees because the case was settled solely for its nuisance value.  *Tyler v. Corner Constr. Corp. Inc.*, 167 F.3d 1202, 1205 (8th Cir. 1999).

II.   DENIAL OF FEES

Here, there are two grounds for denying attorney's fees.  First, an award of fees would be unjust, as both parties understood the offer of judgment was to include attorney's fees, and plaintiff's counsel knowingly took advantage of defense counsel's mistake.  Second, the judgment amount equal to .5% of the initial amount sought is nominal and represents the claim's nuisance value.

A.   Fee Award is Unjust

Prevailing parties may only be denied attorney's fees when "special circumstances exist sufficient to render an award unjust."  *Thomas*, 410 F.3d at 648.  The unique facts of this case present a "special circumstance" that would create an injustice, should fees be awarded to Mr. Hill.  Forest River intended for the $5,000 offer of judgment to include fees and costs.  Mr. Hill's

PAGE 5 - OPINION AND ORDER

attorney understood that intention, but remained silent when the language did not appear in the offer. Not only did Mr. Hill's attorney fail to address the mistake, but attempted to capitalize on it by seeking additional costs and fees after the judgment was entered. Such action is inequitable in Oregon. *See Kish v. Kustura*, 190 Or. App. 458, 463 (2003) (internal citation omitted) (silence as to a mistake in a writing for the purpose of taking advantage of the mistake is inequitable). An award of fees would reward inequitable behavior and provide an unanticipated additional recovery to Mr. Hill.

  B. Nominal Award and Nuisance Value

Mr. Hill's nominal award, relative to the amount sought, is sufficient to preclude attorney's fees. *See Farrar*, 506 U.S. at 115-116. Although *Farrar* is typically applied to cases where prevailing plaintiffs only receive $1 in damages and fail to achieve nonmonetary success, the rule does not require such limited application. *Morales,* 96 F.3d at 363 ("Nominal damages" is not limited to an award in the amount of $1, but includes an award that may properly be classified as "de minimis."). Mr. Hill's award significantly exceeded $1, but is nonetheless a nominal amount in relation to the $1 million sought. He did not achieve a nonmonetary victory for himself or the public, nor did he receive punitive damages. *Id*. at 363 (vindication of rights justifies an award); *see Thomas,* 410 F3d at 648, *remanded to* 2005 WL 2254005 (W.D. Wash. 2005) (punitive damages require an award of fees). Because Mr. Hill's success was nominal, or purely technical, it is not reasonable to award fees.

Moreover, the offer of judgment is only equal to the nuisance value of the case. The Ninth Circuit has neither addressed nor foreclosed the alternative of denying fees related to a

PAGE 6 - OPINION AND ORDER

nuisance claim. As defined in the Eight Circuit, a nuisance settlement is a settlement agreed upon for the sole purpose of avoiding the expense of litigation, despite a frivolous or groundless case against the defendant. *Tyler*, 167 F.3d at 1206. Although this court did not have the opportunity to evaluate the merits of Mr. Hills claims, the course of events indicates that Mr. Hill's lawsuit fits within the category of nuisance claims. After two of six claims were dismissed, Mr. Hill offered to settle for $20,000 and ultimately agreed to the $5,000 offer of judgment. The $5,000 represents only .5% of the $1 million initially sought and equates to nothing more than nuisance value. Forest Hill offered the amount to dispose of what appeared to be groundless claims. Furthermore, the offer of judgment is for a percentage even smaller than in the offers of judgment deemed to represent nuisance values in the Seventh Circuit. *See Fletcher,* 162 F.3d at 978 (3% and 8% of $150,000 and $30,000 sought, respectively).

III.    COSTS

Prevailing parties are entitled to costs at the discretion of the district court. Fed. R. Civ. P. 54(d)(2). A district court has the discretion to avoid injustice by denying costs if reasons are provided for the denial. *Assoc. of Mexican-American Educators v. California*, 231 F.3d 572, 593 (9th Cir. 1995). Misconduct by a party is one basis for denying costs. *Id.* Mr. Hill requests a total of $489.29 in costs. As discussed above, the actions of Mr. Hill's attorney when agreeing to the offer of judgment were inequitable, and provide sufficient reason to deny costs.

## CONCLUSION

The conduct of Mr. Hill's attorney and the nominal offer of judgment amount provide ample reason to deny attorney's fees and costs. An award would be unjust in light of the plaintiff attorney's conduct in agreeing to the offer of judgment. Furthermore, the recovery is nominal and

falls within the classification of nuisance value. Therefore, the motion for attorney's fees (#34) and costs (#40) is DENIED.

DATED this  8th  day of August, 2006.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court